**PETERSON BROS., INC., a corporation of the State of Ohio, Plaintiff,**

v.

**James J. MURPHY, an individual; Tampa Boat Mart, Inc., a corporation; and St. Pete Boat Mart, Inc., a corporation, Defendants.**

No. 3879–T.

United States District Court
S. D. Florida,
Tampa Division.

Oct. 31, 1961.

George H. Baldwin, Jacksonville, Fla., Roy E. Raney, St. Petersburg, Fla., for plaintiff.

Everett Q. Jones, Tampa, Fla., for defendants.

LIEB, District Judge.

THIS CAUSE came on for trial before the Court, sitting without a jury, upon the complaint seeking an injunction, damages and an accounting for profits for unfair competition and trademark infringement, and seeking an injunction, damages, an accounting for profits and an award of attorney's fees for patent infringement. The Court, having heard and considered the testimony, evidence and exhibits herein relating to the issues of unfair competition, trademark infringement and patent infringement only, and having considered the briefs submitted herein by counsel for the respective parties, now makes the following FINDINGS OF FACT and CONCLUSIONS OF LAW.

## FINDINGS OF FACT

1. Plaintiff is an Ohio corporation, having its principal place of business in Jacksonville, Florida.

2. Defendant James J. Murphy is an individual residing in the City of St. Petersburg, County of Pinellas, State of Florida, and is the president of defendant Tampa Boat Mart, Inc., and defendant St. Pete Boat Mart, Inc.

3. Defendant St. Pete Boat Mart, Inc., is a corporation of the State of Florida, located at 4275 Park Boulevard, Pinellas Park, Florida.

4. Defendant Tampa Boat Mart, Inc., is a corporation of the State of Florida, located at 3431 Henderson Boulevard, Tampa, Florida.

5. Plaintiff manufactures and sells boat trailers. It has manufacturing plants in Jacksonville, Florida, and Fort Wayne, Indiana, and distributes through warehouses in five locations. In the last few years its sales have totaled several million dollars; and its advertising expense in connection with its GATOR trailers, during the three years next preceding the filing of this action, totaled more than $50,000.00. GATOR is one of the brand names of boat trailers and has been well known in the Tampa area for ten years.

6. Plaintiff Peterson Bros., Inc., is the owner of all rights in and to the trademark GATOR for boat trailers in and throughout the United States and of the United States Registration thereof, No. 604,414. Said Registration has become incontestible under Title 15 United States Code Annotated § 1065. GATOR is a distinctive and purely arbitrary trademark as applied to boat trailers and justifies broad protection.

7. Defendant James J. Murphy is the president and one of the principal stockholders of each of the corporate defendants. He is actively engaged in the conduct of the business of both corporations.

8. The corporate defendants are engaged in selling, at retail, boats, outboard motors and boat trailers in the Tampa-St. Petersburg area; and from time to time caused the insertion of classified advertisements in the local newspapers and in magazines with nationwide circulation.

9. In early 1960, the corporate defendants took on a new line of unbranded boat trailers manufactured by Jack Edwards, who was operating a boat trailer business under the name of Joycraft Boat Works located at Lutz, Florida.

10. The defendant, James J. Murphy, immediately commenced to advertise said unbranded boat trailers as GRATOR or GREATOR, well knowing the confusing similarity of said names with the

well known trademark GATOR owned and copyrighted by the plaintiff.

11. The terms GRATOR and GREAT-OR were selected and used by the defendant, James J. Murphy, with the intent to confuse and mislead the buying public into believing that the corporate defendants were selling and offering for sale the genuine GATOR trailers, when in fact the trailers offered by them through said advertisements were unbranded trailers manufactured by Edwards.

■ 12. James Craig, national sales manager of plaintiff, visited St. Pete Boat Mart, Inc., on June 7, 1960, and told defendant Murphy at that time that GATOR was the registered trademark of plaintiff and requested that the advertising of GRATOR, GREATOR and GATOR be discontinued. GATOR has been displayed on plaintiff's trailers continuously since at least 1958 in connection with the registration symbol "R" in accord with Title 15 United States Code Annotated § 1111. Such display on plaintiff's trailers constituted statutory notice of Federal registration of the trademark GATOR. Defendants were familiar with said use of the trademark GATOR on plaintiff's trailers, accompanied by the prescribed registration symbol and by the notice of Patent No. 2,723,038 as prescribed by the patent laws, Title 35 United States Code § 287.

13. Following the request on June 7, 1960, by Mr. Craig that the use of GATOR, GRATOR and GREATOR be discontinued in defendants' advertising, defendant Tampa Boat Mart, Inc., advertised in the Tampa Tribune as follows:

GREATOR trailer on June 8, 1960
GRATOR trailer on June 9, 1960
GREATOR trailer on June 10, 1960
GRATOR Trailer on June 14, 1960

and defendant St. Pete Boat Mart, Inc., advertised in the St. Petersburg Times as follows:

GATOR trailer on June 8, 1960
GATOR trailer on June 9, 1960
GATOR and GRATOR trailers on June 10, 1960

GRATOR trailers (2 ads) on June 11, 1960
GRATOR trailers (2 ads) on June 12, 1960
GRATOR trailers on June 14, 1960

and Tampa Boat Mart, Inc., advertised GRATOR trailers in the St. Petersburg Times on June 14, 1960.

14. On July 15, 1960, temporary injunction was issued by this Court enjoining all defendants from further advertising of GATOR trailers, except for used, genuine GATOR trailers. In disregard of said injunction, on July 22, 1960, defendant St. Pete Boat Mart, Inc., advertised "New 1960 GATOR heavy duty tilt trailer" in the St. Petersburg Times. Further in disregard of the provisions of said injunction, enjoining use in advertising of any colorable imitation of the term GATOR, defendant St. Pete Boat Mart, Inc., on July 31, 1960, advertised GRATOR trailer in the St. Petersburg Times. An ad of St. Pete Boat Mart, Inc., for "new 1960 GATOR—trailer" in 1960, continued to appear in the magazine through the August and September, 1960, issues.

15. The defendants included at times in their advertisements new GATOR trailers for sale, although said defendants were not franchised GATOR dealers. However, it is established by the record in this case that the defendants had new GATOR trailers at times; and if there was a demand for GATOR trailers, they could obtain them from divers sources. The Court is satisfied that the advertisement of new GATOR trailers was not misleading, and there is no evidence in the record that the defendants at any time affixed the trade name GATOR to trailers which were not in fact the genuine GATOR trailers, or that they sold unbranded trailers as new GATOR trailers.

■ 16. The names of GRATOR and GREATOR are merely colorable imitations of the registered and protected trademark GATOR, and the use of said names in connection with the offer to sell, or sale of, unbranded trailers constituted an infringement of the plaintiff's registered trademark.

## 435

17. Although the record is devoid of any proof of actual confusion caused in the mind of the buying public due to the misleading advertising of boat trailers under the name of GRATOR or GREATOR, it is the finding of the Court that the likelihood of confusion caused thereby is sufficient to warrant the finding of unfair competition committed by the defendants.

18. The unauthorized use by defendants of the terms GRATOR and GREATOR affects the interstate commerce of plaintiff.

19. Plaintiff is the owner by assignment of United States Patent No. 2,-723,038. Said patent was issued on November 8, 1955, on application filed May 13, 1952, by Walter F. Peterson and Frank H. Peterson.

20. Plaintiff gave statutory notice of its patent No. 2,723,038 by marking said patent on its trailers throughout the period 1958 through 1960, and defendants were actually familiar with said marking.

21. The patent in suit, not being assailed or attacked by the defendants, is valid and subsisting by virtue of statutory presumption of validity.

22. The patent in suit, containing eight claims, relates to the transportation of boats and, in particular, to a boat trailer having improved means for launching and loading boats. The plaintiff limits its claim for infringement to claims numbered 1 through 4 of the patent in suit. Said claims basically consist of a combination of the following elements:

"(1) A frame supported on wheels;

"(2) Rollers for the purpose of guiding the boat while loaded or unloaded;

"(3) Pivoted chocks or cradles serving the function of supporting the boat while in transit."

The claimed novelty of the patent in suit is a unique manner of positioning the rollers and the chocks with relation to each other, which positioning permits the chocks to carry the boat during its traveling position securely, and yet not interfering with the loading and unloading operation as they would if the boat would have to be dragged off the chocks if the rollers would have the same vertical height as the chocks do.

23. The accused device manufactured by Edwards, and sold by the defendants, embodies all the above recited elements of the patented device in substantially the same manner, having an identical difference in the vertical height of the rollers and chocks with relation to each other. The contended dissimilarity between the construction of the chocks, to-wit, a mechanical adjustment used by the plaintiff on its trailers as manufactured, is immaterial inasmuch as the claims under consideration do not call for or specify said mechanical adjustment.

24. The corporate defendants under the active participation and direction of the defendant, Murphy, have since December, 1959, sold in substantial numbers boat trailers made by one, Jack Edwards, or by E. & G. Trailers, Inc., said trailers embodying the invention or the inventive concept as set forth in claims 1, 2, 3 and 4 of United States Patent No. 2,723,038.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the causes of action for patent and trademark infringement under Title 28 U.S.C.A. § 1338(a), and the Court has jurisdiction of the action of the related claim for unfair competition under Title 28 U.S.C.A. § 1338(b).

2. The plaintiff, Peterson Bros., Inc., is the legal owner of the valid trademark GATOR by virtue of Certificate of Registration No. 604,414.

3. The plaintiff, Peterson Bros., Inc., is the owner of the valid United States letter patent No. 2,723,038.

4. The defendants, James J. Murphy, Tampa Boat Mart, Inc., and St. Pete Boat Mart, Inc., are guilty of trademark infringement through the use of the names GRATOR and GREATOR on unbranded boat trailers, and they are guilty of unfair competition through advertise-

ment of unbranded boat trailers under said names of GRATOR and GREATOR.

5. The sale by the defendants of the accused device constitutes an infringement of the claims 1 through 4 of the United States letters patent No. 2,723,038.

6. The plaintiff is entitled to a decree permanently enjoining the defendants from using in advertising the terms or trademarks GRATOR or GREATOR.

7. The plaintiff is entitled to a decree permanently enjoining the defendants from infringing the claims 1, 2, 3 and 4 of said patent in suit.

8. The plaintiff is entitled to a decree ordering an accounting for the defendants' profits derived from selling the infringing boat trailers and resulting from trademark infringement and unfair competition.

9. The plaintiff is entitled to an award of damages, not less than a reasonable royalty, for the infringements of its patent No. 2,723,038, the amount of which shall be determined in the accounting procedure to be had in this cause. The plaintiff is not entitled to treble damages for said patent infringement. The plaintiff is entitled to reasonable attorney's fees in connection with its cause of action for patent infringement upon proper proof submitted in support of said claim, together with costs of this action to be taxed by the Clerk of the Court upon application.

10. Upon entry of the permanent injunction pursuant to these Findings of Fact and Conclusions of Law, the preliminary injunction issued on July 15, 1960, with respect to the use of the trade name GATOR by the defendants, shall be dissolved.

Counsel for the plaintiff shall submit an interlocutory final decree in accordance with the foregoing. The Court shall retain jurisdiction of this cause for the purpose of determination of the accounting procedure hereby ordered which will be considered by the Court upon proper application for appointment of a special master by counsel for the plaintiff.